FILED
MAY 24 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Cole,
FCI Atlanta
P.O. Box 150160
AtlANTA, Ga. 30315
Reg No 41167-066

Case: 1:12-cv-00841
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/24/2012
Description: FOIA/PRivacy Act

vs-

U.S. Dept. Of Justice
(Federal Bureau of Prisons)
Main Justice Building
950 Pennsylvaia Ave, N.W.
Washinton, D.C. 20530
**A.G Eric Holder/ F.B.I Director Robert Müeller.**




COMPLAINT

IF IT MAY PLEASE THE COURT:

1.



Plaintiff, James Cole acting in pro-se moves this Court and states as follows: This is a complaint for declaratory and Injunction relief, pursuant to 5 USC 552, et seq as amended to enforce the above defendants, (FBI) from withholding records, and to order the/their release of the records in their possession..

2.

This Court has Subject Matter Jurisdiction over the instant action pursuant to 5 USC 552(a)(4)(B).

3.

Plaintiff request the records which have been withheld (FBI) whcih is a entity of the U.S. Dept of Justice.

RECEIVED
MAY 14 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

4.

Defendants, Dept. of Justice (FBI) is an brance of the Judiciary Branch and it possesses the records plaintiff seeks.

5.

On or about Dec.7 2011 plaintiff filed his request to David Hardy FOIA/FBI with his request and plaintiff he would pay any fee, and

plaintiff had a right to appeal any adverse decision.

6.

On or about Dec. 28,2011 plaintiff received a letter from Mr. Hardy informing plaintiff, the FBI was responsive (#1179665-000) and informed plainitff no payment was required at this time. However, defendants requested in writing(stall) a commitment plaintiff would pay the searching fee's. The same fee's plaintiff had already adknowledge he would be willing to pay.

7.

Because plaintiff, had already adknowledge he would be willing to pay any filing fee's and the defendants, requested something that plaintiff already said he would be willing to pay, in an"Abundance of Cautious" plaintiff file an appeal to the "Office of Privacy, see January 6, 2012 letter. (O.I.P/ F.O.I.A.(FBI).

8.

On or about Feb.1,2012 plaintiff received a letter from the Office of Information and Policy (OIP), assigning appeal # **AP-2012-01216.** The letter from the (OIP) is from plaintiff letter of **1/6/2012.** Now where in plaintiff letter, did plaintiff says he was appealing a fee waiver. matter of fact, plaintiff adknowledge he would be paying the search fee's.

9.

On or about Mar.12, 2012 plaintiff received yet another letter from the (OIP), informing plaintiff that his fee waiver was affirmed by the FBI. see attachment

10.

On or about March 22, 2012 plaintiff files the present action due to plaintiff, believes and futher avers (OIP) and the FBI, has no

intention of intention of handing plaintiff documents under the FOIA Act and, based upon information and belief, both divisions is playing games due to plaintiff is an inmate. see letters 1/6/2012

11.

Plaintiff has a right to acess to the requested material, under 5 USC 552(a)(3), and there is no legal basic for the defendants denial of access to the plaintiff request.

12.

Because defendants has construed the proceedings by alleging plaintiff was appealing the fee waiver when in fact plaintiff says he would pay the fee's plaintiff avers, the FBI/OIP actions constitute a denial of ascess to the requested documents under 5 USC 552(a)(3), exhausted administrative remedies.

First Claim For Relief

13.

Expedite the proceeding in this action and order defendants to make the information available as requested, or Trial By Jury.

14.

Award plaintiff his costs and reasonable attorney fees in this action under 5 USC 552(a)(4)(E), $7,500.00 U.S. Dollars.

15

Grant such relief as the Court deem just and proper.

Respectfully Submitted

James Cole

JAMES COLE
Reg No. 41167-066
Atlanta / FCI
P.O. Box 150160
Atlanta, Ga. 30315

30

CERTIFICATE OF MAILING/SERVICE

I, James Cole pro-se, do hereby certify under penalty of perjury [28 USC §1746] that I have this day mailed and served the attached: Complaint/ Petition by depositing same in the prison legal mailbox with First Class postage affixed and addressed as follows:*

Clerk, U.S. Dist Court
333 Constitution Ave. NW
Washington, D.C.

Done this 16 day of April, 2012.

James Cole
[Name/Number/Address/Signature]

* This affirmation is intended to comply with Rule 4(c), Fed.R.A.P., with presumption of "mailbox" filing under Houston v. Lack, 487 U.S. 266 (1988).

EZ-Rocket Cert. Mail Form ®
Form No. BR9-45007

James T. Cole Jr.
Reg No. 41167-066
U.S.P. Atlanta
P.O. Box 150160
Atlanta, Ga. 30315

December 12, 2011

to

United States Dept.of Justice
Federal Bureau of Investigation
170 Marcel Drive
Winchester, Va. 22602-4843

Re: Freedom of Information Request(F.O.I.A.)

Dear S/he,

This letter will serve as a request pursuant to S USC 552 and the Privacy Act 5 USC 52a(d)(1) for full disclosure and release of all records and documents in your filles with regards to the Subject Matter for (a) James Cole J. D.O.B. 5/6/1953, S.S. #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 place of birth Philadelphia, Pennsylvania, 19104.

I am also requesting a "Index' for purposes of non-disclosure of documents. If it is determine that some of the material is, CONFIDENTIAL due to identification of source, the permission is granted to agency to delete source identification only from the material to be released.

Title 5 USC governs, F.O.I.A. 5 USC 552(6)(1)(1), that your Agency has ten(10) working days to comply my request or this may be and appeable matter.

I look hearing from you in the near future, request matwrial from June/1974-- to--- June 1998.

Thanks in this matter.

x______________________

JAMES COLE

PS.I will pay searching fee's less the first 100 documents.








FOI/PA Unit

James T. Cole Jr.
41167-066
P.O. Box 150160
U.S.Pentitneiary Atlanta
Atlanta, Ga. 30315

FOI/PA NO: ______________

(D.O.B.) 5/5/1953
(S.S.) #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

To whom it may concern;/ and or David Hardy

I request a complete and thorough search of all filing systems and locations for all records maintained by your agency pertaining to myself; including, but not limited to, files and documents captioned in (or whose captions include) my name in the title. This request specifically includes "main" files and "see references;" including, but not limited to, numbered and lettered subfiles, 1A envelopes, enclosures behind files (EBF's), Bulky Exhibits, control files, and "June" files. I want all records to be produced with the administrative markings and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document (if they appear in a file), and taped any electronic surveillance. Please search: "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials. "I want all pages released regardless of the extent of excision, even if all that remains are the stationary headings or administrative markings."

In addition to a search of General Indexes, please search the ELSUR Index.

Please search for records under the following names:

James Thomas Cole Jr.

Social Security #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 (Place of Birth- Philadelphia,Pennsylvania 19104)

Time Period of June 1974--to--June 2005

Please place any "missing files pertaining to this request on "special locate," and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied. Please provide a complete itemized inventory and detailed factual justification for total or partial denial of documents. Specify the number of pages in each document(s) and the total number of pages pertaining to this request. For "classified" material denied please include the following information: the classification (confidential, secret, or top secret); identity of the classifier; date or event for automatic declassification, classification review, or downgrading; if applicable, identity of official authorizing extension of automatic declassification review past six years, and, if applicable, the reason for extended classification past six years.

In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by the Freedom of Information Act, that the remaining nonexempt portions of the document(s) will be released.

As I expect to appeal any denials, please specify the office and address to which such an appeal should be directed.

I believe my request qualifies for a waiver of fees since the release of requested information would primarily benefit the general public and be "in the public interest;" notwithstanding the fact that I am an indigent person, and need these materials to perfect an appeal of what I perceive as an unjust conviction.

I consider our correspondence privileged because I am a prisoner and subject to the rules of the Bureau of Prisons. I request that you comply with Bureau of Prisons Program Statement #5265.8 (13), captioned "SPECIAL MAIL sec. 540.18 par. (a)," which states: a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as apeceal mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF INMATE." and / or "Cerified Mail"

Therefore, I request that you mark your mail to me "SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE."

If a fee waiver is not granted, please consult me before proceeding if the fee is in excess of $100.00. I reserve the right to recover any money paid for fees not waived. Please enclosed the first 100 free copies by law.

Please send a memo (copy to me) to the appropriate units in your office to assure that no record related to this request is destroyed. Please advise of any destruction of records and include the date of, and authority for, such destruction.

I wish to make it clear that I want all records in your office "identifiable with my request," even though reports based on those records have been sent to some type of "headquarter's," and even though there may be duplication between two sets of files. PLEASE DO NOT REFER ME TO HEADQUARTER'S.

I can be reached at the above address. Please write to me if there are any questions related to my request, or if you might need any additional information from me.

I expect a response to this request within ten working days, as provided for in the Freedom of Information Act.

I will appeal to the Office of Information/Privacy.

Respectfully submitted,

X______________________

Subscribed and sworn to before me on this 13 day of December, 2011.

______________________
Notary

FOIPA Request No. 1179665-000

James T. Cole, Jr.
Reg. No. 41167-066
USP Atlanta
P.O. Box 150160
Atlanta, Ga. 30315

January 6, 2012

David M. Hardy
U.S. Dept. of Justice
FOIA/FBI
170 Marcel Drive
Winchester, VA. 22602-4843

Re: Request for Documents

Dear Mr. Hardy,

Per your Dec.28, 2011 letter informing respondent, James Cole you are in location of records responsive to, James Cole needs I, James Cole the above caption request that you continue the search and the fee's will be paid and this is a committment letter.

I, the under signed declear under the penalty this_____day of 2012 to the above.

x____________________________

JAMES T. Cole, Jr.

cc/file
Director, O.I.P.
U.S. Dept. of Justice
1425 New York Ave, NW Suite 11050,
Washington, D.C. 20530-0001

James T. Cole Jr.
41167-066
USP Atlanta
P.O. Box 150160
Atlanta, Ga. 30315

January 6, 2012

Request No. 1179665-000

Director, Office of Information & Privacy
U.S. Dept. of Justice
1425 New York Ave. N.W. Suite 11050
Washington, D.C. 20530-0001

Dear S/he

This is a appeal in the Matter of Request No. 1179665-000 for any adverse decision by the Federal Bureau of Investigation not to release and or failure to follow FOIA procedures, with regards to the FOIA Act.

If any other information is needed in this Matter please address at the above Caption.

Thanking you in this Matter.

x_______________________

Respectfully Submitted

cc/file
David M. Hardy
U.S. Dept of Justice
FOIA/FBI
170 Marcel Dr.
Winchester, VA. 22602-4843



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D C 20535

December 28, 2011

MR JAMES T COLE, JR
**41167-066
U S PENITENTIARY ATLANTA
POST OFFICE BOX 150160
ATLANTA, GA 30315

FOIPA Request No 1179665- 000
Subject COLE, JAMES T JR

Dear Mr Cole

This is in response to your request for a fee waiver for the above referenced Freedom of Information-Privacy Acts (FOIPA) request Requests for fee waivers are determined on a case by case basis See 5 U.S C § 552 (a)(4)(A)(iii)

In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied First, it must be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government " Second, it must be established that "disclosure of the information is not primarily in the commercial interest of the requester " See 5 U.S C § 552(a)(4)(A)(iii) The burden is on the requester to show the statutory requirements for a fee waiver have been met Where one or both of these requirements has not been satisfied, a fee waiver is not warranted under the statute

To determine whether the first requirement has been met, we consider the following four factors. (1) whether the subject of the requested records concerns "the operations or activities of the government," (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) whether disclosure of the requested information will contribute to "public understanding," and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities See 28 C F R § 16 11(k)(2)

If the first requirement has been met, we are then required to determine whether disclosure of the requested information is primarily in the commercial interest of the requester To make this determination, we consider the following two factors (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester " See 28 C F R § 16 11(k)(3) If the requester's commercial interest in disclosure is greater then the public interest to be served, then a fee waiver is not warranted

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the first requirement because you have not shown that the requested information is likely to contribute significantly to public understanding of the operations or activities of the government

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave , NW, Suite 11050, Washington, D C , 20530-0001 Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely The envelope and the letter should be clearly marked "Freedom of Information Appeal " Please cite the FOIPA number assigned to your request to facilitate its identification

Sincerely yours,

David M Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D C 20535*

December 28, 2011

MR JAMES T COLE, JR
**41167-066
U S PENITENTIARY ATLANTA
POST OFFICE BOX 150160
ATLANTA, GA 30315

FOIPA Request No 1179665- 000
Subject COLE, JAMES T JR

Dear Mr Cole

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request referenced above

Based on the information provided, we conducted a search of the Central Records System (CRS) for records responsive to your subject During the two hours of free search time allowed under the FOIA we located records, which will be reviewed for responsiveness

To continue a search of the CRS for additional records, search fees will be assessed even if no additional records are located, and/or the records located are entirely exempted from disclosure pursuant to the FOIA

Pursuant to 28 C F R § 16 11(c)(1), search fees are computed for each quarter hour spent on searching and retrieving the potentially responsive material outlined in your FOIA request For each quarter hour spent by clerical personnel, research fees will be assessed in the amount of $4 00 For each quarter hour spent by professional personnel, the fees will be assessed in the amount of $7 00 Moreover, for each quarter hour spent by managerial personnel, the assessed fees will be in the amount of $10 25

**No payment is required at this time.** However, you must notify us in writing within thirty (30) days from the date of this letter of your commitment to pay search fees If we do not receive your commitment to pay within thirty (30) days, no further searching will be done and only responsive records located during the two-hour search will be processed Please include the FOIPA Request Number listed above in any communication regarding this matter

You may file an appeal by writing to the Director, Office of Information Policy U S Department of Justice, 1425 New York Ave , NW, Suite 11050, Washington, D C 20530-0001 Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely The envelope and the letter should be clearly marked "Freedom of Information Appeal " Please cite the FOIPA Request Number assigned to your request so that it may be identified easily

Very truly yours,

David M Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D C 20535*

December 30, 2011

MR JAMES T COLE, JR
**41167-066
U S PENITENTIARY ATLANTA
POST OFFICE BOX 150160
ATLANTA, GA 30315

FOIPA Request No 1179665- 000
Subject COLE, JAMES T JR

Dear Mr Cole.

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI

☒ This FOIPA request has been received at FBI Headquarters for processing

☐ This FOIPA request has been received at the [______ Resident Agency / _______ Field Office] and forwarded to FBI Headquarters for processing

☒ We are searching the indices to our Central Records System for the information responsive to this request You will be informed of the results in future correspondence

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date

☒ Please check for the status of your FOIPA request at www fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request Please use this number in all correspondence concerning your request Your patience is appreciated

Very truly yours,

David M Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division



**U.S. Department of Justice**

Office of Information Policy

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

FEB 1 - 2012

Mr. James T. Cole, Jr.
Register No. 41167-066
United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

Re: Request No. 1179665

Dear Mr. Cole:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on January 30, 2012.

The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **AP-2012-01216**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal you may contact me at the number above.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

MAR 12 2012

Mr. James T. Cole, Jr.
Register No. 41167-066
United States Penitentiary
Post Office Box 150160
Atlanta, GA 30315

Re: Appeal No. AP-2012-01216
Request No. 1179665
JGM:MTC

Dear Mr. Cole:

You appealed from the fee waiver determination made by the Federal Bureau of Investigation on your request for access to records concerning yourself.

The statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C.§552(a)(4)(A)(iii). In determining whether you have satisfied this statutory standard, I considered the six factors set out in the Department of Justice regulation that puts this statutory standard into effect. See 28 C.F.R.§16.11(k) (2011) (copy enclosed). The first four of these factors concern the "public interest" requirement; the fifth and six factors concern whether your interest in the records is primarily commercial.

On the basis of all of the information available to me, I have concluded that your request for a waiver of fees was properly denied. Although the records you seek concern, in part, the operations or activities of the FBI, and you do not appear to have an overriding commercial in interest in the records, you have not satisfied factor three of the public interest requirement.

In neither your initial request, nor in your appeal letter have you demonstrated that you have both the intent and the ability to disseminate the requested records to the general public. Your failure to do so is a sufficient basis on which to deny a fee waiver request. See Larson v. CIA, 843 F.2d 1481, 1483 & n.5 (D.C. Cir. 1988). Furthermore, because you claim to "need these materials to perfect an appeal of what [you] perceive as an unjust conviction," it is you, and not the general public, that would be the primary beneficiary of any release.

Finally, and as you may already be aware, indigence or the inability to pay, does not entitle you to a fee waiver. See, e.g., Ely v. USPS, 753 F.2d 163, 165 (D.C. Cir. 1985) (indigence alone insufficient basis for granting fee waiver; "Congress rejected a fee waiver provision for indigents"); Durham v. U.S. Dep't of Justice, 829 F. Supp. 428, 435 n.10 (D.D.C.

1993) (finding indigence alone does not constitute adequate grounds for granting fee waiver). Accordingly, I am affirming the FBI's fee waiver denial.

By copy of this letter, the FBI is reminded to process those responsive records found within the first two hours of search (which has already been completed), up to one hundred pages and to release those pages to you without cost. I note also that by letter dated January 6, 2012, you seemingly committed to pay search fees for the remainder of the responsive records but did not reference any commitment for paying for duplication fees. Because I have affirmed the FBI's fee waiver denial, if you want the FBI to conclude its search in order to identify all responsive records, please write to it directly, advising it that you commit to pay search and duplication fees. I suggest that you identify a specific amount up to which you will pay or ask the FBI to provide you with an estimate of the total fees that would be due if all remaining records are processed. All fees owed will be collected by the FBI before releasing the responsive records to you in accordance with 28 C.F.R. § 16.11(a).

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the actions of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure