UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 12-0841 (ESH) |
| | ) | |
| DEPARTMENT OF JUSTICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, challenges the Department of Justice's ("DOJ") response to his request for his records maintained by the Federal Bureau of Investigation ("FBI").[1] The FBI, having released the first 100 pages of responsive records to which plaintiff is entitled for free and assessed a fee to cover the processing of additional records, moves to dismiss or for summary judgment on the ground that plaintiff has not exhausted his administrative remedies [Dkt. # 15]. Plaintiff has opposed defendant's motion and has cross moved for summary judgment [Dkt. ## 20, 21]. Since the record establishes that plaintiff has not exhausted his administrative remedies and the processing of his request is under way, the Court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and enter judgment accordingly.

---

[1] In addition to naming the Department of Justice and its component Federal Bureau of Investigation as defendants, plaintiff has named Attorney General Eric H. Holder, Jr. and FBI Director Robert Mueller. Since the FOIA authorizes a cause of action only against executive-branch agencies, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), the complaint against the individual defendants is hereby dismissed and the remaining defendants will be referred to in the singular.

## BACKGROUND

By letter of December 13, 2011, addressed to FBI Headquarters, plaintiff requested "all records . . . pertaining to myself" maintained between June 1974 and June 2005.  (Decl. of David M. Hardy [Dkt. # 15-1], Ex. A ("Req.").)[2]  Plaintiff requested, *inter alia*, "reference cards, abstracts, search slips . . . , file covers, multiple copies of the same document . . ., and taped [] electronic surveillance." (Req. at 1.)  He requested that the search encompass the " 'DO NOT FILE' files, SAC safes, special file rooms, and office of FBI officials," and the "ELSUR Index." (*Id*.)  Plaintiff stated that he "believe[d]" his request qualified for a fee waiver "since the release of [the] requested information would primarily benefit the general public . . . notwithstanding the fact that I am an indigent person, and need these materials to perfect an appeal of what I perceive as an unjust conviction."  (*Id*. at 2.)  He also requested that he be consulted before proceeding "[if] a fee waiver is not granted [and] the fee is in excess of $100.00."  (*Id*.)

By letter of December 28, 2011, the FBI denied plaintiff's request for a fee waiver. (Hardy Decl., Ex. B.)  In a separate letter also dated December 28, 2011, the FBI informed plaintiff that it had searched its Central Records System ("CRS"), located records that would be "reviewed for responsiveness," and had exhausted the mandatory two hours of free search time. (*Id*., Ex. C.)  Plaintiff was informed generally about how search fees are computed, given 30

---

[2]  Plaintiff has included with his opposition an "Objection to Declaration of David M. Hardy With Combined Memorandum of Law in Support 'Move to Strike' " (Dkt. # 20, ECF pp. 9-10.) He questions Mr. Hardy's personal knowledge of statements made in paragraphs 16, 49 and 57 of his declaration.  But "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56[c] if in his declaration, he attests to his personal knowledge of the procedures used in handling [a FOIA ] request and his familiarity with the documents in question."  *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted).  *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir.1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit").  Mr. Hardy has satisfied this standard.  *See* Hardy Decl. ¶¶ 1-3. Therefore, plaintiff's motion to strike the declaration is denied.

days to commit in writing to paying any fees to cover the FBI's search and processing of records beyond the two free hours, and advised about his right to appeal to the Office of Information Policy ("OIP"). (*Id.*) By letter of January 6, 2012, plaintiff committed to paying fees and requested the FBI to "continue the search." (*Id.*, Ex. E.) By letter also dated January 6, 2012, plaintiff appealed to OIP "any adverse decision by the [FBI] not to release and or failure to follow FOIA procedures, with regards to the FOIA Act." (*Id.*, Ex. F.) By letter of March 12, 2012, the OIP, having treated the appeal as one from the FBI's fee waiver denial, affirmed the FBI's decision. (*Id.*, Ex. H.) By letter of April 20, 2012, the FBI assessed plaintiff a fee of $252.42 based on nine hours of search time, informed him that it would stop processing the request if he failed to pay within 30 days, and advised him of his right to appeal the decision to the OIP. (*Id.*, Ex. I.)

      Plaintiff filed this action on May 24, 2012. On July 31, 2012, the FBI released 100 of 402 pages it had reviewed. From the released pages, the FBI redacted material under FOIA exemptions 6, 7(C), 7(D) and 7(E). (*Id.*, Exs. J, K.) The FBI informed plaintiff that the initial release constituted the 100 pages located within the first two hours of its search, which "included only those serials which mention James T. Cole, Jr. by name and/or shows the context in which the name James T. Cole, Jr. was mentioned." (Ex. J. at 2.) The FBI further informed plaintiff that it would release additional material found during the first two hours of the search if he committed to paying a duplication fee of $50, and that he would be billed for the processing of the remainder of his file consisting of approximately 500 pages, which he then must pay before additional pages were released to him. Finally, plaintiff was informed that "[t]his is only a portion of the additional fees. The processing of additional records will require the payment of further search and duplication fees . . . . As suggested by OIP, you may wish to identify a

specific amount up to which you will pay or request an estimate of the total fees that would be due if all remaining records are processed." (*Id*.)  By letter of August 3, 2012, plaintiff committed to paying the additional fees.  (Def.'s Opp'n to Pl.'s Mot. for Summ. J. and Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J., Second Decl. of David M. Hardy [Dkt. # 23-1], Ex. A [Dkt. # 23-2].)

By letter of November 7, 2012, the FBI informed plaintiff that a "second interim release of [219 pages] is available" upon his payment of $21.90 to cover duplication costs.  (*Id*., Ex. D.)  The FBI further informed plaintiff that after receipt of that payment, it would process additional records and advise him of the associated costs.  Plaintiff was advised to notify the FBI in writing if he wished to reduce his costs by reformulating his request or limiting its scope.  (*Id*.)

Meanwhile, by letter of September 13, 2012, plaintiff lodged an appeal with OIP of "the 100 pages of documents that Mr. Hardy sen[t] to me free which was only newspaper articles and a ruse."  (*Id*., Ex. B.)  By letter of November 8, 2012, the OIP advised plaintiff that his appeal was closed in accordance with 28 C.F.R. § 16.9(a)(3) because of the instant litigation. (*Id*., Ex. E.)

**LEGAL STANDARD**

The Court is authorized under the FOIA "to devise remedies and enjoin agencies . . . if the agency has [improperly withheld agency records]" responsive to a request.  *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  In a FOIA

action, the Court may award summary judgment to the agency solely on the basis of information provided in reasonably detailed affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

## DISCUSSION

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *accord Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004). "The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request," and "courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby*, 920 F.2d at 61–62 (citing U.S.C. § 552(a)(6)(A)(i), (ii) and cases). Exhaustion under the FOIA is not jurisdictional but "as a jurisprudential doctrine, [the requester's] failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance." *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

In addition, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Hines v. U.S.*, 736 F. Supp. 2d 51, 53 (D.D.C. 2010) (quoting *Oglesby*, 920 F.2d at 66) (other citation omitted). And "[t]he commencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any assessed

fees." *Chaplin v. Stewart,* 796 F. Supp. 2d 209, 211 (D.D.C. 2011) (citations omitted); *see id.* (discussing DOJ's fee regulations governing FOIA requests).

This case presents the very circumstances befitting administrative exhaustion.  Because of this lawsuit, the OIP has not had the opportunity to render a decision on plaintiff's administrative appeal in which he claims only that "the 100 pages of documents [released] to me free [are] only newspaper articles and a ruse."  (2d Hardy Decl., Ex. B.)  In addition, the FBI informed plaintiff on November 7, 2012, that it will make interim releases of additional records to plaintiff as he pays any assessed fees.  (*Id.*, Ex. D.)  It is undisputed that defendant has yet to complete its disclosure responsibilities under the FOIA and to render a final decision.  And absent a record to determine whether the FBI has improperly withheld records, the Court has no statutory duty to perform.  *See Hines*, 736 F. Supp. 2d at 54 ("Given that the BOP is currently processing the plaintiff's FOIA request, the court dismisses this action without prejudice to the plaintiff's filing of a new civil action, if necessary, after the administrative process has concluded."); *see also Chaplin,* 796 F. Supp. 2d at 211-12 (awarding summary judgment to DOJ where plaintiff had failed to exhaust under the FOIA by complying with the agency's fee regulations).  Hence, the Court finds that defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies and will deny plaintiff's motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.

                                             /s/
                                ELLEN SEGAL HUVELLE

Date:  November 28, 2012               United States District Judge